IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD CHARLES SMUK and MARLYS LYNN SMUK, <br><br> Plaintiffs, <br> v. <br><br> BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No. 15 C 6242 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Gerald Charles Smuk ("Gerald") and Marlys Lynn Smuk ("Marlys") filed a complaint against defendants Bank of America, N.A. ("Bank of America"), Wells Fargo Bank, N.A. ("Wells Fargo"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"), alleging that Bank of America (Count I), Wells Fargo (Counts II and III), Equifax (Count IV), and Experian (Count V and VI) violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and that Bank of America and Wells Fargo violated the Discharge Injunction Act, 11 U.S.C. § 524 et seq. (Counts VII and VIII). On December 2, 2015, plaintiffs voluntarily dismissed with prejudice Bank of America. Doc. no. 51. Defendant Wells Fargo filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In their response brief to Wells Fargo's motion to dismiss, plaintiffs voluntarily dismiss, without prejudice, Counts VII and VIII. For the foregoing reasons, Wells Fargo's motion to dismiss is granted in part and denied in part.

# BACKGROUND[1]

According to their complaint, plaintiffs filed for Chapter 13 bankruptcy on February 25, 2013. Plaintiffs listed a mortgage from Wells Fargo and a mortgage from Bank of America on Schedule D of their bankruptcy petition. Listing Wells Fargo and Bank of America as creditors caused the Bankruptcy Notice Center to serve both banks with a copy of plaintiffs' bankruptcy plan on February 28, 2013. Wells Fargo entered an appearance through counsel in plaintiffs' bankruptcy case on March 6, 2013. The Bankruptcy Notice Center served Wells Fargo and Bank of America with plaintiffs' modified bankruptcy plan on April 11, 2013. Shortly thereafter, plaintiffs' modified plan was confirmed by the bankruptcy court. On May 1, 2013, Bank of America appeared through counsel in plaintiffs' bankruptcy case.

On November 7, 2014, the bankruptcy court granted Wells Fargo's motion for relief from the bankruptcy stay to foreclosure on the secured property. On November 12, 2014, the bankruptcy court entered an order discharging all of plaintiffs' dischargeable debts, including the Bank of America and Wells Fargo loans. The two banks were served with the order of discharge on November 14, 2014.

On November 20, 2014, Gerald sent dispute letters to Equifax and Experian, requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy. The letters requested that Equifax and Experian forward the letters to each of the creditors listed in his schedules. Equifax responded to Gerald's letter by correcting some of the accounts included in his bankruptcy, but not the Wells Fargo and

---

[1] The following facts are taken from plaintiffs' complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Bank of America accounts. While Equifax's response indicated that the two accounts were included in the bankruptcy, both accounts still reported a balance and past due amount. Experian's response to Gerald's dispute letter corrected some of the accounts included in his bankruptcy, but not the Wells Fargo account. While the response indicated that the Wells Fargo account was included in his bankruptcy, the trade line for Wells Fargo still reported payment delinquencies of 180 days.

Thereafter, on January 26, 2015, Gerald sent second dispute letters to Equifax and Experian, specifically disputing the Wells Fargo and Bank of America accounts. Gerald again requested that Equifax and Experian forward his letters to the two banks. Equifax responded to Gerald's second dispute letter, stating that it had updated the trade lines to show that the Bank of America and Wells Fargo accounts were included in his bankruptcy. Equifax, however, was still reporting a balance and past due amount for both accounts. Experian responded to Gerald's second dispute letter, stating that he did not attach sufficient information that Experian could respond.

Marlys sent a dispute letter to Experian on November 20, 2014, requesting that her credit file be updated to reflect the zero balance and discharged status of all of the accounts discharged in her bankruptcy. The letter requested that Experian forward the letter to each of the creditors listed in her schedules. Experian responded to Marlys' dispute letter by correcting some of the accounts included in her bankruptcy, but not the Wells Fargo account. Experian stated that it had updated the trade line for the Wells Fargo account to reflect the bankruptcy, but the trade line still reported payment delinquencies of 180 days.

Marlys sent a second dispute letter to Experian on January 26, 2015, specifically disputing the Wells Fargo trade line. Marlys again requested that Experian pass along her letter to Wells Fargo. Experian responded to Marlys' second dispute letter by stating that the account was included in her bankruptcy; however, the Wells Fargo trade line still reflected payment delinquencies of 180 days. Plaintiffs allege that since sending the dispute letters, their three-bureau credit reports still show the inaccuracies discussed above. According to plaintiffs, the inaccurate reporting has had adverse effects on their credit ratings and their ability to obtain financing.

## DISCUSSION

**A.	Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B. Analysis**

Wells Fargo argues that plaintiffs' FCRA claims should be dismissed pursuant to Rule 12(b)(6), because plaintiffs fail to allege that Wells Fargo had written notice from the defendant CRAs of their disputes. 15 U.S.C. § 1681s-2(a) regulates entities, such as Wells Fargo, that furnish information to credit reporting agencies. The statute establishes the duty of such entities to provide accurate information. While section 1681s-2(a) does not provide a private right of action by a consumer against a furnisher, section 1681s-2(b), which regulates the duties of furnishers of information upon notice of a dispute, does. 15 U.S.C. § 1681s-2(b). Pursuant to section 1681s-2(b), entities that furnish information to credit reporting agencies must investigate disputed credit information and report the results to the agencies. Id.; see also Gulley v. Pierce & Assoc., No. 10-C-573, 2010 WL 5060257, at *4 (N.D. Ill. Dec. 6, 2010). "A furnisher's duty to investigate under section 1681s-2(b) is triggered when the furnisher receives notice of a disputed debt pursuant to section 1681i(a)(2)." Gulley, 2015 WL 5060257 at *4 (internal quotations omitted).

Contrary to Wells Fargo's arguments, plaintiffs allege multiple times that Wells Fargo received notice of their disputes from the CRA defendants. For example, paragraph 109 of plaintiffs' complaint alleges that "Wells Fargo failed to conduct a reasonable reinvestigation of its reporting of the subject loans . . . within 30 days of *receiving notice of a dispute from Equifax, Experian*, and Gerald under 15 U.S.C. §1681i(a)(1)." Likewise, paragraph 127 of plaintiffs' complaint alleges that "Wells Fargo failed to conduct a reasonable reinvestigation of its reporting of the subject loans . . . within 30 days of *receiving notice of a dispute from Experian* and Marlys under 15 U.S.C. §1681i(a)(1)." Accordingly, Wells Fargo's contention that

"Plaintiffs never allege Wells Fargo was on notice of a duty under the FCRA," is wholly without merit.

The court also rejects Wells Fargo's argument that plaintiffs were required to allege that the notice provided by the CRA defendants was in writing. Wells Fargo does not cite any Seventh Circuit precedent articulating such a requirement, and a cursory review of section 1681i(a)(2) likewise reveals no such requirement. In fact, section 1681i(a)(2) states that the credit reporting "agency shall provide notification of the dispute . . . in the manner established with" the furnisher. 15 U.S.C. § 1681i(a)(2)(A). Because the statute specifically articulates that notice given on other occasions must be in writing, <u>see, e.g.</u>, 15 U.S.C. § 1681i(a)(5)(B), it is clear that Congress did not intend such a requirement with respect to section 1681i(a)(2).

Wells Fargo further contends that plaintiffs' own allegations demonstrate that it did not have proper notice of the dispute to trigger any duty under section 1681s-2(b). According to Wells Fargo, "by pleading throughout their Complaint that the CRA defendants purportedly acted so 'carelessly,'" it is not plausible that Wells Fargo could have received notice sufficient to create a duty under the FCRA. Wells Fargo argues that plaintiffs' allegation that the CRA defendants violated the FCRA by failing to record all relevant information that they received from plaintiffs is alone enough to doom Counts II and III of their complaint. Because section 1681i(a)(2) provides that notice sent to a furnisher "shall include all relevant information regarding the dispute that the agency received from the consumer," Wells Fargo contends that plaintiffs have pled themselves out of court. Plaintiffs should not, Wells Fargo argues, be able to plead such factual allegations in the alternative, because section 1681i(a)(6)(B)(iii) provides a means for consumers to ascertain whether a furnisher was properly notified of the dispute prior

6

to filing suit. The court disagrees.

Pursuant to Rule 8(d)(3), a party "may state as many separate claims or defenses as it has, regardless of consistency." See also Peterson v. McGladrey & Pull, LLP, 676 F.3d 594, 597 (7th Cir. 2012) ("[T]here's no rule against inconsistent pleadings in different suits, or for that matter a single suit."). Accordingly, although plaintiffs may not be able to recover under all of their theories, they are still permitted to plead them. The cases Wells Fargo relies on in support of its argument to the contrary are distinguishable from the facts pled in the instant case, and therefore do not persuade the court otherwise. For example, unlike plaintiffs here, the plaintiff in Neiman v. Chase Bank, USA, N.A., No. 13-C-8944, 2014 WL 3705345 (N.D. Ill. July 25, 2014), failed to allege that the furnisher received any notice from the CRAs.

Moreover, as held by the Supreme Court, even after Twombly, "[s]pecific facts are not necessary [in a complaint]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S at 555). As such, complaints in federal court need only satisfy a notice pleading standard. See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). Plaintiffs' complaint as currently pled provides Wells Fargo with fair notice of their FCRA claims and the grounds upon which the claims rests. Accordingly, Wells Fargo's motion to dismiss with respect to Counts II and III is denied.

## **CONCLUSION**

For the foregoing reasons, the court grants in part and denies in part Wells Fargo's motion to dismiss. Wells Fargo's motion is granted by agreement with respect to Counts VII and VIII and denied with respect to Counts II and III. Wells Fargo is directed to file an answer to

7

plaintiffs' complaint on or before February 22, 2016. The parties are directed to prepare and file a Joint Status Report using this court's form on or before February 25, 2016. This matter is set for status on March 2, 2016, at 9:00 a.m.

**ENTER:** **February 2, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**